AARON DICKINSON, RESPONDENT, *v.* HENRY S. ONDERDONK, APPELLANT.

*Supplementary proceedings — power of the judge to direct the debtor's property to be delivered to the creditor in satisfaction of his claim — The question as to property being exempt — how tried.*

In proceedings supplementary to execution the judge cannot direct property of the judgment debtor (a horse), to be delivered to the creditor on his giving the debtor a receipt for his claim. The property should be sold under an execution or by a receiver.

*Semble,* that where, in supplementary proceedings, the debtor claims that property, which may by law be exempt from execution, is in fact so exempt, the question of exemption cannot be tried in such proceedings, but must be tried in an ordinary action.

APPEAL from an order, granted by the Schenectady county judge, requiring defendant to apply certain personal property (a horse), on the judgment obtained in this action. The judgment was obtained in a justices' court, for thirty-eight dollars and fifty-six cents, a transcript filed and an execution issued and returned by the sheriff wholly unpaid and unsatisfied. Supplementary proceedings were thereupon instituted against defendant. The examination of defendant in the supplementary proceedings showed that he was the owner and in possession of a team of horses, of the value of about $150. The defendant, a married man, living with his wife, claimed that this property was by law exempt from execution. The county judge ordered the defendant to deliver one of the horses to the plaintiff, on his tendering him a satisfaction of the judgment and a receipt for twenty-six dollars, allowed as the costs of the proceeding.

*Hastings & Schoolcraft*, for the respondent.

*J. H. Clute*, for the appellant.

*Per Curiam :*

We think that the county judge was not authorized to make this order.  The law applies the property of a debtor to the payment of a debt by selling and applying the avails.  When the judge ordered the horse to be applied on the debt and the creditor to give a receipt, he practically established the value of the horse, and compelled the debtor to sell at that value.  And though the value which he thus fixed may have been even more than the true value, we think that he erred.  The plaintiff might have issued execution and levied ; and that would have been the best way of protecting all rights.  Or probably a receiver might have been appointed ; and the receiver, if he ever obtained title to the horse, could have sold it.

Where another person than the debtor claims title to the property, as has often been decided, the title cannot be determined in this summary way.  In analogy to that principle, when the property is such as may by law be exempt, and the debtor claims that it is actually exempt, it would seem very doubtful whether the question of exemption could be tried under these supplementary proceedings.  Such a question involves the title to chattels personal, and is proper for a jury trial.  If the creditor should levy by execution on the alleged exempt property, the debtor could then try his rights by an ordinary action at law.  And we think he ought not to be deprived of the opportunity to do this by means of an order granted in supplementary proceedings.

The order appealed from must be reversed, with ten dollars costs and printing disbursements, the same to be set-off against the debt of the plaintiff.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing disbursements, to be off-set against plaintiff's recovery.